UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Raymond Edward Lumsden,

Plaintiff,

v.

Ramsey County Community
Corrections Department, et al.

Defendants.

Civil No. 00-2223 (ADM/AJB)

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for leave to amend the complaint to allege additional claims under 42 U.S.C. § 1983 for retaliation and violation of the right to access to the courts, and further withdrawing allegations from the complaint [Docket No. 20]. Hearing was held on July 15, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. David L. Garelick, Esq., and Larry B. Leventhal, Esq., appeared on behalf of the plaintiff. Thomas E. Ring, Esq., appeared on behalf of the defendants.

Based upon the file, memorandums, and arguments of counsel, **IT IS HEREBY ORDERED THAT** plaintiff's motion for leave to amend the complaint is **denied** [Docket No. 20] on grounds of futility.

Dated: 7/16/02

Arthur J. Boylan
United States Magistrate Judge

JUL 1 7 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff in this matter seeks to amend the complaint to add claims of retaliation and violation of his right of access to the courts and to withdraw allegations which would arguably subject plaintiff to sanctions under Fed. R. Civ. P. 11. Defendant opposes the motion to amend, asserting that the additional claims are futile as a matter of law and that amending the complaint is an improper and insufficient response to a Rule 11(c)(1)(A) notice of an intent to seek sanctions unless the case is dismissed with prejudice.

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The court has broad discretion in determining whether to grant leave to amend. Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962). In this instance the proposed amended complaint alleges new claims that are futile as a matter of law and the motion is therefore denied. With respect to withdrawal of allegations, amendment to the pleading is not a requirement under Rule 11(c)(1)(A) and such withdrawal can be accomplished by other means. Whether the withdrawal of claims is timely or sufficient is appropriately determined on motion for Rule 11 sanctions rather than on motion to amend.

Review of the proposed amended complaint indicates that both additional claims are premised upon a contention that the transfer of plaintiff's probation supervision from Dakota County to Ramsey County was in violation of his constitutional rights. Plaintiff has not shown and cannot show that he has suffered actual injury or prejudice in this lawsuit as a result of the supervisory transfer and therefore cannot establish standing to maintain an access-to-the-courts

claim. Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997)(citing Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174 (1996). With regard to the retaliation claim, it is clear on the record that justification existed for transfer to the county where plaintiff was convicted and initially placed on probation. Plaintiff cannot establish that the supervisory transfer would not have occurred but for his exercise of constitutional rights. Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999). Furthermore, any discipline or threat of discipline by Ramsey County Community Corrections will not provide an underlying basis for a retaliation action in light of evidence that plaintiff has violated terms of probation, Farver v. Schwartz, 255 F.3d 473, 474 (8th Cir. 2001), and indeed, it is abundantly obvious that plaintiff was threatened by mere transfer of supervision, but rather, felt threatened by the possibility that Ramsey County authorities may violate his probation.[1] Plaintiff's proposed additional claims are entirely without merit.

---

[1] Verification of Raymond Lumsden, attachment to proposed Amended Complaint and Demand for Jury Trial.