UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raymond Edward Lumsden,

Plaintiff,

v.

Ramsey County Community Corrections Department et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2223 ADM/AJB

---

David L. Garelick, Esq., Larry Leventhal & Associates, Minneapolis, MN, appeared for and on behalf of Plaintiff.

Thomas E. Ring, Assistant County Attorney, St. Paul, MN, appeared for and on behalf of Defendants.

---

## I. INTRODUCTION

Pursuant to District of Minnesota Local Rule 72.1(b)(2), Raymond Edward Lumsden ("Plaintiff") appeals from the July 16, 2002 Order of Magistrate Judge Arthur J. Boylan (the "Order") [Docket No. 27], denying Plaintiff's Motion to Amend the Complaint [Docket No. 20]. Plaintiff moved to amend his Complaint to state two additional constitutional claims: denial of access to the courts and retaliation. He further sought leave to amend in order to withdraw certain claims he is abandoning under threat of Rule 11 sanctions. Plaintiff's Appeal [Docket No. 36] is denied and the Order is affirmed.[1]

[1] Remaining under advisement at this time is Defendants' Motion for Summary Judgment, or for Dismissal, or for Abstention from Exercise of Jurisdiction [Docket No. 28].

FILED DEC 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

When addressing an appeal of a non-dispositive motion, the Court reviews the order of the Magistrate Judge and must "set aside any portion . . . found to be clearly erroneous or contrary to law." Minn. LR 72.1(b)(2); see also 28 U.S.C. § 636(b)(1)(A). The court may also consider other matters sua sponte. Minn. LR 72.1(b)(2). The objecting party must specify the portion of the order objected to and the basis for such objection. Id.

### A. Rule 11

Plaintiff first objects to Judge Boylan's holding that amendment to a pleading is not required under Rule 11 to accomplish withdrawal of claims. See Order at 2. Judge Boylan denied Plaintiff's request to amend on this ground, noting that withdrawal of claims to comply with Rule 11 is best dealt with on a Rule 11 motion for sanctions rather than on a motion to amend. Id. As illustrated in Plaintiff's quotation of the rule, the literal language of Rule 11 does not require a party be granted leave to amend the complaint. See Fed. R. Civ. P. 11(c)(1)(A). Thus, Judge Boylan's ruling was not contrary to law or clearly erroneous.

### B. Additional Constitutional Claims

Plaintiff further objects to Judge Boylan's ruling regarding his request to amend the Complaint to allege additional claims. Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend the complaint be given freely if justice so requires. Fed. R. Civ. P. 15(a). However, a court has discretion to deny leave to amend if amendment would, among other things, be prejudicial to the defendant or futile. Foman v. Davis, 371 U.S. 178, 182 (1962). A claim is futile when it fails to state a claim for relief. United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 935 (8th Cir. 2001). Accordingly, futility must be

assessed in the same manner as a 12(b)(6) motion.[2] Id.; United States ex rel. McCauley v. Best Care Home Health, Inc., Civ. Nos. 98-1261, 99-1207, 2002 U.S. Dist. LEXIS 19506, at *9-11 (D. Minn. Oct. 7, 2002). Judge Boylan found that the additional claims Plaintiff seeks to add are entirely without merit and therefore futile. In light of the facts of this case and the prejudice to Defendants that would result from amendment, the denial of leave to add these claims is warranted.

**1. Denial of Access to the Courts**

With respect to the claim of denial of access to the courts, Plaintiff contests Judge Boylan's conclusion that he cannot show the requisite prejudice, or actual injury, to succeed on such a claim. A litigant seeking to prevail on an access-to-the-courts claim must establish actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001). It is the plaintiff's burden to "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." See Moore, 266 F.3d at 933 (quoting Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998)). Questions of frivolity aside, the history and progression of Plaintiff's case belie any frustration or denial of access to litigate.

Plaintiff claims Defendants are subjecting him to "relentless hammering on the criminal end of things" while nominally assuring him he has a right to pursue his civil suit. Pl.'s Br. at 10. Plaintiff, however, has alleged or shown no actual injury or prejudice to his numerous claims. The docket in this action reveals that he has not been prejudiced or prevented from continuing the present litigation. Plaintiff has not demonstrated and cannot demonstrate any impediment to

[2] Following the standard of the Eighth Circuit, as articulated and applied in Gaudineer, 269 F.3d at 935, the Court will review the futility of the amendments de novo, in accordance with rule 12(b)(6).

his pursuit of his civil suit, nor any injury, and accordingly, this claim is meritless. See Moore, 266 F.3d at 933 (to substantiate a claim of denial of access a plaintiff must show his case was frustrated or impeded and that he suffered actual injury to his case as a result). Without any allegation or proof that Defendants' conduct involving Plaintiff's criminal conviction "hindered his efforts to pursue [his] legal claim," such that this case was in fact prejudiced, justice does not require permitting Plaintiff's proposed amendment. Lewis, 518 U.S. at 351. Plaintiff can prove no set of facts consistent with his allegations of denial of access that would afford him relief under this claim and as such, amendment is futile. See Gaudineer, 269 F.3d at 935; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (stating that under 12(b)(6), a claim should be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations").

**2. Retaliation**

The Court also agrees with Judge Boylan's ruling that Plaintiff's retaliation claim should not be added to the Complaint, though on a different basis. Plaintiff concedes that a claim of retaliatory transfer will fail unless he is able to establish that he would not have been transferred but for his constitutional activity; here, filing suit.[3] Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999). Given the evidence of Plaintiff's violations of the terms of his probation, which would provide independent justification for transfer or initiation of a probation hearing, this appears highly unlikely. Nonetheless, he claims that even if the transfer back to Ramsey County was

---

[3] Plaintiff cites no authority for the proposition that retaliatory transfer claims, usually asserted in the context of physical transfer of prison inmates, apply to the transfer of supervision of a plaintiff's probation. Even assuming this is a cognizable claim, countervailing factors support denial of leave to amend.

justified by his conduct, this reason is a "pretextual, post hoc explanation[] for" Defendants' action. Pl.'s Br. at 8 (citing Rouse, 193 F.3d at 940).

Under the cases relied on by Plaintiff, evidence of suspicious timing and pretext may substantiate a claim of retaliatory transfer. See Rouse, 193 F.3d at 940; Goff v. Burton, 91 F.3d 1188, 1190-91 (8th Cir. 1996). While Plaintiff's claim appears highly tenuous, it cannot be said that an "insuperable bar to relief" is evident at this stage, in light of the low threshold of evaluation under 12(b)(6) and the Eighth Circuit decisions establishing that the "but for" test for retaliation claims may be met despite proof of conduct otherwise justifying the transfer. Frey, 44 F.3d at 671; Rouse, 193 F.3d at 940; Goff, 91 F.3d at 1190-91. However, the denial of leave to amend is appropriate on other grounds.

The prejudice that would result from granting leave to amend at this juncture supports denial of Plaintiff's Motion. Permitting addition of this claim would require reopening of discovery, delay an already postponed trial date, and call on Defendants, who have moved for summary judgment, to address yet another claim. Plaintiff implicitly concedes, and indeed explicitly concedes with respect to certain allegations, that many of the initial claims to which Defendants were required to respond are without proper basis. In opposing Defendants' Summary Judgment Motion, Plaintiff omits any defense or discussion of numerous prior assertions and is attempting, through the Motion to Amend, to withdraw claims arguably ripe for sanction under Rule 11. The case began in September 2000, and the pretrial schedule has already been revised multiple times. Considering the precarious nature of this claim coupled with the prejudice to Defendants, the Court finds that denial of leave to amend is proper without regard to the issue of futility.

The finding that Rule 11 does not require amendment as a means of withdrawing allegations is not clearly erroneous. Furthermore, the Court concludes that amendment to the Complaint at this time would be unduly prejudicial to the Defendants, particularly considering that Plaintiff's proposed claim of denial of access to the courts would be futile and his retaliation claim indicates lack of merit. See Johnson Aff. of 8/1/02 (stating that Plaintiff's allegations in support of this Appeal of alleged representations made to him by Probation Officer Kevin Johnson "are either stated incorrectly or are outright lies"). Denial of leave to amend is appropriate and Plaintiff's Appeal is denied.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal from Magistrate Judge Boylan's July 16, 2002 Order [Docket No. 36] is **DENIED**.

2. Magistrate Judge Boylan's July 16, 2002 Order [Docket No. 27] is **AFFIRMED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 23, 2002